1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAUL ELBAUM,

          Plaintiff,

    v.

GOOGLE, INC.,

          Defendant.

Case No.  24-cv-02294-KAW

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 34

On September 1, 2023, Plaintiff Saul Elbaum filed the instant case against Defendant Google, Inc. in the District of Maryland, alleging breach of contract based on Defendant withdrawing money from Plaintiff's bank account without notice of each withdrawal.  (Compl., Dkt. No. 1.)  The case was subsequently transferred to the Northern District of California.  (Dkt. Nos. 21, 22.)  Defendant now moves to dismiss Plaintiff's complaint.  (Def.'s Mot. to Dismiss, Dkt. No. 34.)

Having considered the parties' filings, the relevant legal authorities, and the arguments made at the September 5, 2024 hearing, the Court GRANTS Defendant's motion to dismiss with prejudice.

### I.   BACKGROUND

Plaintiff asserts that between October 3, 2016 and February 7, 2017, Defendant withdrew $500 from Plaintiff's bank account each time it ran Plaintiff's ad.  (Compl. at 4, 6.)  Defendant did not provide Plaintiff notice of each withdrawal, and ultimately withdrew $8,500 before Plaintiff's bank account ran out of money.  (Compl. at 4.)  At that point, Defendant sent Plaintiff an e-mail asking for more money.  Plaintiff asserts that because Defendant sent an e-mail after his bank account ran out of money, Defendant could have sent an e-mail after each prior withdrawal.

1    (Compl. at 4.)

2        A few years later, Plaintiff decided to try selling on Defendant's platform again.  (Compl.

3 at 5.)  Plaintiff drafted an ad that required a description of the product, price, audience, geographic

4 location, and daily budget, but was not required to provide information on when the ad should

5 begin and how long it should run.  (Compl. at 5.)  Plaintiff asserts that printed publications require

6 such information, but Defendant does not.  (Compl. at 5.)  Plaintiff drafted an ad, but asserts that

7 he never completed the ad.  Regardless, Defendant began running the incomplete ad, and did not

8 provide notice of the withdrawals from Plaintiff's bank account.  (Compl. at 5.)  Defendant

9 ultimately withdrew $2,000 between April 24, 2021 and September 24, 2021.  (Compl. at 5, 7.)

10        Based on these actions, Plaintiff filed multiple cases in Maryland state court.  (Def.'s Mot.

11 to Dismiss at 1-2.)  Each of the cases were dismissed based on the forum selection clause and/or

12 collateral estoppel.  (*Id.*)  Plaintiff then brought the instant suit in the District of Maryland,

13 asserting a contractual claim based on Defendant's failure to notify Plaintiff each time it withdrew

14 money from his bank account.  (Compl. at 2, 3.)  Plaintiff sought $10,500 in actual damages and

15 $1.21 billion in punitive damages.  (Compl. at 2.)

16        On November 29, 2023, Defendant filed a motion to dismiss on the grounds of collateral

17 estoppel and improper venue based on the forum selection clause.  (Dkt. No. 13.)  On March 28,

18 2024, the then-presiding judge denied the motion to dismiss, finding that collateral estoppel did

19 not apply and that dismissal based on the forum selection clause was not warranted because the

20 case could instead be transferred.  (Mar. 28, 2024 Order, Dkt. No. 17.)  On April 4, 2024,

21 Defendant moved to transfer the case to the Northern District of California.  (Dkt. No. 18.)  On

22 April 15, 2024, the then-presiding judge granted the motion to transfer.  (Dkt. No. 21.)

23        On June 28, 2024, the parties stipulated to continue the case management conference, as

24 Defendant intended to file a motion to dismiss.  (Dkt. No. 32.)  On July 1, 2024, the Court granted

25 the parties' stipulation and continued the case management conference.  (Dkt. No. 33.)

26        On July 15, 2024, Defendant filed the instant motion to dismiss, asserting that the case

27 should be dismissed with prejudice because: (1) Plaintiff had waived his claims pursuant to the

28 applicable contract, (2) the contract did not require Defendant to provide notice when it withdrew

United States District Court
Northern District of California

1    money from Plaintiff's account, and (3) Plaintiff's claim regarding the withdrawals in 2016 and

2    2017 are time-barred.  (Mot. to Dismiss at 2.)  On July 24, 2024, Plaintiff filed his one-page

3    opposition.  (Pl.'s Opp'n, Dkt. No. 35.)  On August 5, 2024, Defendant filed its reply.  (Def.'s

4    Reply, Dkt. No. 36.)

5            On August 15 and 26, 2024, Plaintiff filed a second and third opposition without leave of

6    court.[1]  (Dkt. Nos. 37, 42.)

7    ## II.    LEGAL STANDARD

8            Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based

9    on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule

10   12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250

11   F.3d 729, 732 (9th Cir. 2001).

12           In considering such a motion, a court must "accept as true all of the factual allegations

13   contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation

14   omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or

15   there is an absence of "sufficient factual matter to state a facially plausible claim to relief."

16   *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

17   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation

18   marks omitted).

19           A claim is plausible on its face when a plaintiff "pleads factual content that allows the

20   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*United States District Court*
*Northern District of California*

---

[1] On August 15, 2024, Plaintiff filed a second opposition without leave of court or any explanation for why such a filing was appropriate.  (Dkt. No. 37.)  Accordingly, the Court STRIKES this second opposition, which may have been filed in this case in error.  (*See* Dkt. No. 39.)  In any case, Plaintiff raises no new arguments in opposition to the motion to dismiss, primarily repeating the allegations in his complaint.  Plaintiff also requests that the case be stayed pending a decision from the Fourth Circuit, as the issue of whether the case should be adjudicated in Maryland "is the subject of my Informal Brief which is pending in the U.S. Court of Appeals of the Fourth Circuit (24-1460)."  (Dkt. No. 37 at 3.)  The Court knows of no authority that will permit a case be stayed based on an "Informal Brief."

On August 26, 2024, Plaintiff filed yet another untimely opposition without leave of court.  (Dkt. No. 42.)  The opposition again includes no substantive arguments, but instead again asserts that his case should be adjudicated in Maryland and that the case should be postponed until the Fourth Circuit decides his case.  (*Id.* at 1-3.)  The Court again STRIKES the opposition.

1      *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate

2      "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

3      will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4           "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are

5      inadequate.  *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th

6      Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat

7      a motion to dismiss for failure to state a claim.").  "The plausibility standard is not akin to a

8      probability requirement, but it asks for more than a sheer possibility that a defendant has acted

9      unlawfully . . .  When a complaint pleads facts that are merely consistent with a defendant's

10     liability, it stops short of the line between possibility and plausibility of entitlement to relief."

11     *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

12          Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no

13     request to amend is made "unless it determines that the pleading could not possibly be cured by

14     the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations

15     omitted).

16                                    **III.    DISCUSSION**

17          Plaintiff effectively brings a breach of contract claim based on Defendant's failure to

18     provide notice of each bank account withdrawal.  A claim for breach of contract is comprised of a

19     contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and the

20     resulting damages to plaintiff.  *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d

21     1371, 1388 (1990).

22          Dismissal with prejudice is warranted because Plaintiff fails to identify a specific provision

23     which requires Defendant to provide notice of a bank account withdrawal.  *See Young v.*

24     *Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) ("In an action for breach of a written

25     contract, a plaintiff must allege the specific provisions in the contract creating the obligation the

26     defendant is said to have breached.").  Plaintiff does not dispute that notice is not required by the

27     applicable contract; at the hearing, Plaintiff acknowledged there is no contract term at issue.  (*See*

28     Compl. at 4.)  Instead, Plaintiff seems to believe Defendant should provide such notice simply

United States District Court
Northern District of California

4

1   because it is feasible.  (*Id.*)  This is not sufficient to establish a breach of contract claim.

2   Plaintiff's opposition provides no legal authority or argument to the contrary; instead, Plaintiff

3   states in a conclusory manner that the motion to dismiss is "groundless," and points to the March

4   28, 2024 order.  (Pl.'s Opp'n at 1.)  That order, however, did not consider the substantive issue of

5   whether Plaintiff adequately alleged a breach of contract claim; it was limited to the issues of

6   collateral estoppel and venue.  In the alternative, Plaintiff asserts that "[t]he remaining arguments

7   have been postponed until September 17, 2024," relying on the stipulation to continue the case

8   management conference.  (*Id.*)  That stipulation has no effect on the instant motion to dismiss; it

9   merely continued the case management conference so that the motion to dismiss could first be

10  decided.

11          Moreover, Plaintiff acknowledged at the hearing that his claims regarding the 2016 and

12  2017 withdrawals are time-barred.  The statute of limitations for a contract claim is four years

13  from accrual.  Cal. Code Civ. Proc. § 337.)  As the instant lawsuit was not filed until September

14  2023, Plaintiff cannot bring a claim based on the 2016 and 2017 withdrawals.

15          Because the Court finds that dismissal with prejudice is warranted, the Court need not

16  consider Defendant's argument that the claims were waived.[2]

17                              **IV.    CONCLUSION**

18          For the reasons stated above, the Court finds that Plaintiff has not stated a claim.  At the

19  hearing, Plaintiff stated that he did not want leave to amend, but that he wanted the Court to decide

20  the case as a matter of principle and fairness.  Unfortunately, the Court cannot do that; Plaintiff

21  must be able to state a claim.

22  ///

23  ///

24  ///

25

26  [2] Defendant argued that per the Google Advertising Program Terms, all claims relating to charges are waived "unless a claim is made within the claim period[.]"  (Zhang Decl., Exh. A ¶ 7, Dkt. No.

27  34-2.)  While the Court agrees with Defendant that the Google Advertising Program Terms are incorporated in the complaint, deciding whether waiver occurred would require considering facts

28  outside of the complaint, such as when Plaintiff received an invoice and whether Plaintiff filed a timely claim. The court declines to do so.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Accordingly, the Court DISMISSES the case **with** prejudice.

2    IT IS SO ORDERED.

3   Dated: September 13, 2024

4                                                    _____
                                                     KANDIS A. WESTMORE
5                                                    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6